UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE MUNDY,

        Plaintiff,

v.                                   Case No. 05-CV-74004-DT
                                   Honorable Avern Cohn

RUO WATSON,

        Defendant.
_____/

## ORDER OF DISMISSAL

        This is a civil rights action under 42 U.S.C. § 1983.  Plaintiff Wayne Mundy is a state prisoner at Standish Maximum Correctional Facility in Standish, Michigan. Defendant Watson is a resident unit officer at the Standish Facility.

        The complaint alleges that, on December 14, 2004, and again on January 4, 2005, defendant asked plaintiff to expose his genitals.  Plaintiff filed a grievance against defendant, but the grievance was denied for insufficient evidence of sexual advances.

        On June 27, 2005, defendant allegedly slammed a window and turned on a loud fan.  Plaintiff complained that he could not hear if the mail was being picked up while the fan was running, but defendant told plaintiff to "grieve it."  Plaintiff then filed unsuccessful grievances concerning defendant's conduct with the window and the fan.

        Plaintiff's sole claim is that defendant's conduct on June 27, 2005, was retaliation for plaintiff's earlier grievance about defendant's sexual advances. Plaintiff seeks any compensation that the Court deems appropriate and to have defendant removed from the unit or facility where plaintiff is confined.

**Discussion**

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), and it fails to state a claim for which relief may be granted if "the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

To successfully establish a prima facie case under § 1983, plaintiff must prove that the defendant acted under color of state law and deprived him of a right secured by federal law.  Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)).  Although defendant acts under color of state law when performing his duties as a state correctional official, the following discussion explains why his conduct did not deprive plaintiff of a federal right.

"[W]hen the alleged violation of federal law is that a government official retaliated against a plaintiff for exercising his constitutional rights . . . , the plaintiff must ultimately prove three sub-elements:  (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct."  Mezibov v.

Allen, 411 F.3d 712, 717 (6th Cir. 2005) (citing Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).  Prisoners have "an undisputed First Amendment right to file grievances against prison officials on [their] own behalf." Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000).  However, defendant's conduct of slamming a window and turning on a fan would not deter a person of ordinary firmness from continuing to file grievances.  Plaintiff himself filed two grievances about defendant after defendant supposedly slammed a window and turned on a fan.

Plaintiff also has failed to show that defendant's conduct was motivated by plaintiff's protected conduct of filing grievances.  Plaintiff's grievance about defendant's sexual advances was resolved by April 14, 2005.  The alleged retaliation of slamming a window and turning on a fan did not occur until two and a half months later.  In addition, defendant denied slamming a window, and a prison official has determined that defendant did nothing wrong and acted properly when he turned on the fan.

Plaintiff has failed to prove the second and third elements of a First-Amendment retaliation claim.  The complaint, therefore, lacks an arguable basis under law.  This action is dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous also and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

                s/Avern Cohn  
                AVERN COHN  
                UNITED STATES DISTRICT JUDGE

Dated: November 14, 2005  
      Detroit, Michigan